William J. Leahy, Bar No. 022841997
wleahy@littler.com
Alexa J. Laborda Nelson, Bar No. 027442012
alabordanelson@littler.com
LITTLER MENDELSON, P.C.
Three Parkway, 1601 Cherry Street
Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone:    267.402.3000
Facsimile:    267.402.3131

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANNA BARAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ASRC FEDERAL MISSION SOLUTIONS ENGINEERING (ASRC MSE),<br><br>　　　　　Defendant. | Civil Action No.<br><br>**NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

Defendant Mission Solutions, LLC (hereinafter, "MSE") (improperly named as "ASRC Federal Mission Solutions Engineering (ASRC MSE)"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1442, 1332, 1441, and 1446, hereby submits this Notice of Removal of this action from Superior Court of New Jersey, Burlington County – Law Division, to the United States District Court for the District of New Jersey. In support of its Notice of Removal, MSE respectfully submits as follows:

**I.    PROCESS, PLEADINGS, AND ORDERS**

1.    Plaintiff Anna Baran commenced an action by filing a *pro se* Complaint against MSE on or about January 2, 2026, in the Superior Court of New Jersey, Law Division, Burlington County (the "Superior Court") styled *Anna Baran v. ASRC Federal Mission Solutions Engineering*

*(ASRC MSE)*, at Docket No. L-13-26 (the "Superior Court Action"). A copy of Baran's *pro se* Complaint is attached as Exhibit A.

2.    On January 22, 2026, MSE received a copy of the Complaint and Summons at its Moorestown, New Jersey office.

3.    The Complaint includes claims for what Baran alleges as "civil theft," "restore punitive damages for the civil theft of jury verdict," "defamation/slander," and "issue a public correction to the 'OPINION' document authored by the Trial Judge and clear Plaintiff's name." (*See* Exhibit A. pp. 39-40).

## II.    VENUE

4.    Pursuant to 28 U.S.C. §§ 110, 1391(b)(2), and 1441(a), venue is proper in the United States District Court for the District of New Jersey, Camden County, insofar as the Burlington Vicinage, which is where Baran filed the instant action, is within the district and division embraced by this Court.

## III.    FEDERAL OFFICER JURISDICTION EXISTS UNDER 28 U.S.C. § 1442

5.    The current Complaint arises out of a series of related cases in which Baran alleges, among other things, that MSE defamed her and/or committed a "tort" when it submitted a report in the United States Department of Defense's Joint Personnel Adjudication System ("JPAS"). (*See* Exhibit A at pp. 12, 16, 19).

6.    At the time of Baran's employment, JPAS was the Department of Defense's system of record for security clearance processing. JPAS was federally regulated by the National Industrial Security Program Operating Manual ("NISPOM"). *See Baran v. ASRC/MSE*, 815 F. App'x 633, 635 (3d Cir. 2020) (stating the NISPOM requires employers to submit to JPAS any "adverse information about a cleared employee that would indicate that [her] ability to protect classified [information] might be compromised.").

7. NISPOM imposed security obligations on government contractors, such as MSE. *See Stephenson v. Nassif*, 160 F. Supp. 3d 884, 888 (E.D. Va. 2015). Specifically, NISPOM required contractors to report "adverse information coming to their attention concerning any of their cleared employees." *See* NISPOM §1-302(a). Therefore, as a federal contractor, MSE was required to comply with the NISPOM.

8. Baran was a cleared employee.

9. In her Complaint, Baran bases her claims against MSE, in part, on MSE's reporting to JPAS. (*See* Exhibit A at pp. 6-13).

10. Under 28 U.S.C. § 1442, "[a] civil action . . . that is commenced in a State court" may be removed to federal court if the action is against "any officer (or any person acting under that officer) of the United States . . . for or relating to any act under color of such office." 28 U.S.C. §1442(a)(1).

11. MSE may properly remove a state court action to federal court under 28 U.S.C. §1442(a)(1) if the following conditions are met: (1) MSE must be a "person" within the meaning of the statute, (2) Baran's claims must be based upon MSE's conduct "acting under" a federal office, (3) MSE must raise a "colorable federal defense", and (4) there must be a "causal nexus between the claims and the conduct performed under color of a federal office." *See Baran v. ASRC MSE*, No. 1:22-CV-04391, 2023 WL 2344634, at *4 (D.N.J. Mar. 3, 2023) (citing *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir. 1998)).

12. First, MSE is a "person" within the meaning of 28 U.S.C. §1442(a)(1) because MSE is an LLC.

13. Second, MSE, as a defense contractor, was "acting under" a federal officer, specifically the Secretary of Defense, when it submitted a JPAS report concerning an employee.

3

*See Stephenson v. Nassif*, 160 F. Supp. 3d 884, 888 (E.D. Va. 2015) (finding submitting a JPAS report concerning a former employee is "acting under" a federal officer). Therefore, in this case, MSE was acting under the Secretary of Defense when it submitted the JPAS report regarding Baran.

14. Third, MSE has a "colorable federal defense" to Baran's defamation claim, as the information submitted in the JPAS report is absolutely privileged, shielding MSE from liability. *See Mission1st Group, Inc. v. Filak*, Civil Action No. 09-3758, 2010 WL 4974549, at *2 (D.N.J. Dec. 2, 2010); *Becker v. Philco Corp.*, 372 F.2d 771 (4th Cir. 1967), *cert. denied* 389 U.S. 979 (1967).

15. Lastly, Baran's claim is based, in part, on the information MSE provided to JPAS. As explained above, MSE is required to comply with the reporting obligations under the NISPOM. Thus, a causal nexus exists between Plaintiff's claim and MSE's report to JPAS.

16. Therefore, MSE has shown grounds for federal officer jurisdiction under Section 1442(a)(1) and is entitled to remove this action to federal court. *See Baran v. ASRC MSE*, No. 1:22-CV-04391, 2023 WL 2344634, at *4-5 (D.N.J. Mar. 3, 2023) (finding MSE has shown all four conditions were met to establish federal officer jurisdiction and denying Baran's motion to remand to state court); *Baran v. ASRC Fed. Mission Sols.*, No. CV 17-7425(RMB/JS), 2018 WL 3054677, at *6, *8 (D.N.J. June 20, 2018) (same); *Baran v. ASRC MSE*, No. 1:22-CV-04391, 2023 WL 2344634, at *5 (D.N.J. Mar. 3, 2023) (same).

17. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty (30) days after MSE received Baran's Complaint on January 22, 2026.

## IV.     DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

18. In addition to jurisdiction based on the facts above, this Court has diversity jurisdiction over the Superior Court Action under 28 U.S.C. § 1332.

19.     Complete diversity of citizenship exists between Baran and MSE. Specifically, Baran is a citizen of New Jersey. MSE is a limited liability company, and its sole member is ASRC Federal Holding Company, LLC ("ASRC Federal"). ASRC Federal is a limited liability company, and its sole member is Arctic Slope Regional Corporation. Arctic Slope Regional Corporation is a corporation organized and existing under the laws of the State of Alaska, and its principal place of business is in Alaska. *See GBForefront, L.P. v. Forefront Mgmt. Group, LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (explaining that the citizenship of a limited liability company is determined by the citizenship of its members). Therefore, the Superior Court Action is between citizens of different states.

20.     The amount in controversy in the Superior Court Action exceeds $75,000. (*See* Exhibit A. pp. 31, 33.)

21.     Accordingly, the grounds for diversity jurisdiction are satisfied, and this Court has jurisdiction over the Superior Court Action pursuant to 28 U.S.C. § 1332.

## V.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

22.     By reason of the foregoing and pursuant to 28 U.S.C. § 1442, MSE desires and is entitled to have the Superior Court Action removed from the Superior Court of New Jersey, Burlington County, to the United States District Court for the District of New Jersey.

23.     True and correct copies of this Notice of Removal are being promptly filed with the Superior Court and served this date upon Baran. Further, pursuant to 28 U.S.C. § 1446(a), copies of the Summons and Complaint are attached as Exhibit A.

## VI.    CONCLUSION

WHEREFORE, Defendant Mission Solutions, LLC, respectfully requests that this case be removed to the United States District Court for the District of New Jersey, that this Court accept jurisdiction of this action, and that this action be henceforth placed on the docket of the Court for

all further proceedings as though the same action had been originally instituted and commenced in this Court.

Respectfully submitted,

Dated:  February 17, 2026

/s/ William J. Leahy
William J. Leahy, Bar No. 022841997
wleahy@littler.com
Alexa J. Laborda Nelson, Bar No. 027442012
alabordanelson@littler.com
LITTLER MENDELSON, P.C.
Three Parkway, 1601 Cherry Street
Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone:     267.402.3000
Facsimile:     267.402.3131

*Attorneys for Defendant*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 17th day of February 2026 a copy of the foregoing Notice of Removal was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, and served via First-Class Mail upon:

Anna Baran
32 Sheffield Dr.
Marlton, NJ 08053

*Plaintiff Pro Se*

*/s/ William J. Leahy*
William J. Leahy