**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANNA BARAN,<br><br>Plaintiff,<br><br>v.<br><br>ASRC FEDERAL MISSION SOLUTIONS ENGINEERING,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 26-1565 (KMW-MJS)<br><br>**OPINION** |

**Anna Baran**
32 Sheffield Drive
Marlton, NJ 08053
*Plaintiff, Pro se*

**William J. Leahy, Esq.**
**Alexa Joy Laborda Nelson, Esq.**
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street
Suite 1400
Philadelphia, PA 19102
*Counsel for Defendant ASRC Federal Mission Solutions Engineering*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

This is the fourth lawsuit in this District that pro se plaintiff Anna Baran ("Plaintiff" or "Baran") has brought against her former employer ASRC Federal Mission Solutions Engineering ("Defendant" or "MSE")[1] arising from her termination in 2013.

In 2019, following years of protracted litigation in the original action, *Baran v. ASRC/MSE, et al.*, Civ. No. 17-7425 (D.N.J. Sept. 25, 2017) ("*Baran I*"), Plaintiff was finally vindicated: a jury awarded her $3.5 million in compensatory damages on her defamation claim and she awaited the possible imposition of punitive damages. However, the court set aside the verdict, finding the claim time-barred, and the Third Circuit affirmed that decision. *Baran v. ASRC/MSE*, 815 F. App'x 633 (3d Cir. 2020). Plaintiff has now filed three lawsuits claiming continuing harm from the defamation and challenging Defendant's litigation conduct and decisions by the Honorable Renee M. Bumb in *Baran I*.

The Court understands why Plaintiff continues to be affected by this series of events. Nonetheless, the prior decisions in *Baran I* are final, and as the Honorable Robert B. Kugler ordered in clear terms three years ago, Plaintiff may not relitigate that case. For the reasons that follow, Plaintiff's Motion to Remand (ECF No. 9) is **DENIED**, and Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**[2]

---

[1] Defendant contends that the Complaint incorrectly names Mission Solutions, Inc. as "ASRC Federal Mission Solutions Engineering." The Court will refer to Defendant as MSE for ease of clarity, given that the Court references a separate entity, ASRC Federal Holding Company, LLC below.

[2] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

## II. BACKGROUND

Baran is a former employee of MSE, a military defense contractor. *Baran I*, 815 F. App'x at 634. Baran worked as a Senior Quality Assurance Engineer, a position that requires a security clearance, until she was terminated for allegedly threatening to shoot three of her supervisors. *Id.* at 634-35. On January 9, 2013, she was arrested and charged with making a terroristic threat, and she was terminated on January 14, 2013. *Id.* at 635.

On January 15, 2013, a security officer with MSE updated Baran's incident history in the Joint Personnel Adjudication System ("JPAS") to reflect the circumstances surrounding her termination. *Baran I*, 815 F. App'x at 635. JPAS is the U.S. Department of Defense's personnel database of record for security clearance processing, and MSE claimed that federal regulations reflected in the National Industrial Security Program Operating Manual ("NISPOM") required it to report these circumstances on the JPAS system. *Id.* In May 2013, the security officer finalized the earlier incident report about Baran's termination in the JPAS (hereafter "JPAS Report"). *Id.*

Although the criminal charges against Baran were eventually dropped and her record was expunged, the JPAS Report, as of the Third Circuit's decision in May 2020, did not reflect this final disposition. *Baran I*, 815 F. App'x at 635. Baran claimed that MSE's comments about the nature of her termination in the JPAS Report prevented her from obtaining a comparable job, due to her inability to obtain a security clearance. *Id.*

### A. *Baran I*

On January 6, 2015, Baran filed a pro se complaint against MSE in state court, alleging claims including defamation and retaliation. *Baran I*, 815 F. App'x at 635. Baran obtained counsel, and over the course of several years, the case was dismissed, reinstated, proceeded through

discovery, set for trial in state court, and then removed to federal court pursuant to federal officer jurisdiction. *Id.*

The state court had dismissed Baran's defamation claims before trial, leaving only her retaliation claim, but Baran moved for reconsideration, arguing that the defamation claims should be reinstated because they were premised upon the security officer's statements in the JPAS Report. *Baran I*, 815 F. App'x at 635. During oral argument on the motion, Baran conceded that the alleged defamatory statements were made in 2013, but claimed that because she only discovered them in August 2014 when she interviewed with a potential employer, the discovery rule tolled the limitations period on her claim. *Id.* In response to the state court's questioning, Baran's counsel replied that the discovery rule applied to defamation claims, and apparently relying upon that, the court granted reconsideration and reinstated them. *Id.*

MSE then removed the case to federal court, asserting federal officer jurisdiction because Baran's defamation claims were based on statements mandatorily entered into the JPAS system. *Baran I*, 815 F. App'x at 635-36. Chief Judge Bumb denied Baran's motion to remand. (*Baran I*, ECF No. 14.) After a four-day trial before Chief Judge Bumb, the jury found that MSE's statements in the JPAS Report were false and defamatory, and awarded Baran $3.5 million in compensatory damages. *Baran I.*, 815 F. App'x at 636. Following the announcement of the verdict, MSE renewed its motion for judgment as a matter of law on the grounds that Baran's defamation claims were barred by the statute of limitations and that it was entitled to *absolute* privilege against defamation for its submission of the JPAS Report. (Defs.' 2d Suppl. Br. Supp. Mot. J. as a Matter of Law, *Baran I*, ECF No. 67.)

Chief Judge Bumb granted MSE's motion and explained her reasoning in a published opinion. *Baran I*, 40 F.Supp. 3d 471(D.N.J. 2019). The court concluded that because Baran's

defamation claims were based on the statements in the JPAS Report, which was finalized on May 1, 2013, her claims were time-barred, and neither the discovery rule nor the continuing tort doctrine applied. *Id.* at 81-82. The court also rejected Baran's argument that MSE abandoned its statute of limitations defense by not including it in its amended answer or the joint final pretrial order. *Id.* at 482-84.[3] Additionally, the court conditionally granted MSE's motion for a new trial on privilege grounds, finding that *qualified* privilege might apply to MSE's submission of the JPAS Report; however, a more specific finding from the jury which had not been requested by the parties was necessary to determine whether the JPAS Report fell within that privilege. *Id.* at 485-87. Baran appealed, raising only the limitations issue, and the Third Circuit affirmed in May 2020. *Baran I*, 815 F. App'x at 638.

### B. *Baran II* and *Baran III*

On May 19, 2022, Baran filed another lawsuit in state court against MSE. MSE removed the action to this District, where it was assigned to Judge Kugler. *Baran v. ASRC MSE, et al.*, Civ. No. 22-4391 (D.N.J. July 1, 2022) ("*Baran II*"). The complaint asserted numerous claims and broadly alleged: (1) MSE's wrongful conduct in litigating *Baran I*; (2) Chief Judge Bumb's wrongful conduct in overseeing that case; (3) the same alleged defamatory and retaliatory conduct that was litigated in *Baran I*, and (4) MSE's failure to correct the JPAS Report in the time since *Baran I* had resolved. *Baran II*, 2022 WL2344634, at *1 (D.N.J. Mar. 3, 2023); (Compl., *Baran II*, ECF No. 1-2.) MSE moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) and Baran moved to remand the matter to state court.

[3] In rejecting Plaintiff's arguments that the state court's limitations issue should be considered "law of the case" and that Defendant had forfeited the limitations defense, Judge Bumb concluded that "it would be perverse to allow Plaintiff to benefit from her own misstatements of the law that caused this legal debacle in the first place." *Id.* at 484.

Judge Kugler granted MSE's motion to dismiss without prejudice, first concluding that the court had subject matter jurisdiction pursuant to federal officer and diversity jurisdiction. *Baran II*, 2023 WL 2344634, at *4-5. The court found that Baran's claims were barred by res judicata because the complaint's allegations arose from the same set of facts that were previously litigated in *Baran I*, and her new claims regarding subsequent defamation which relied on a continuing tort theory were unmeritorious for the same reasons outlined by Chief Judge Bumb in *Baran I* -- namely that the doctrine did not apply to defamation claims. *Id.* at *7. The court also found the claims premised upon conduct before the state court, the District of New Jersey, and the Third Circuit Court of Appeals, were barred by litigation privilege. *Id.* at *8.

Subsequently, Baran filed an amended complaint, and MSE moved to dismiss it. While MSE's second motion to dismiss was pending in *Baran II*, Baran filed another lawsuit in state court, which MSE removed to this District. *Baran v. ASRC MSE*, Civ. No. 23-3370 (D.N.J. June 20, 2023) ("*Baran III*"). That matter was also assigned to Judge Kugler, and once again MSE moved for dismissal and Plaintiff moved for remand.

On December 14, 2023, Judge Kugler granted MSE's second motion to dismiss in *Baran II*, *with prejudice*, concluding that the amended complaint relied on the same underlying facts and events that the court had just determined to be barred, and dismissed the amended complaint for the reasons set forth in its prior opinion. (Order at 1-2, *Baran III*, ECF No. 24.) Judge Kugler included in the dismissal order that: **"Plaintiff may NOT continue filing complaints that re-raise the same substantive issues that have been resolved—and subsequently dismissed—by this Court."** (*Id.* at 2.) The next day, Judge Kugler granted MSE's motion to dismiss in *Baran III*, without prejudice, finding the complaint likewise barred by res judicata and litigation privilege.

After granting Baran two extensions of time to file an amended complaint in *Baran III*, Judge Kugler denied her third request for an extension and dismissed the case with prejudice. (*Baran III*, ECF Nos. 10-24.) Following Judge Kugler's retirement, the case was reassigned to Chief Judge Bumb, who denied reconsideration in June 2024. (*Id.*, ECF Nos. 25-30.) Baran has continued to submit filings on that docket, including as recently as April 2026.

**C. *The Present Action: Baran IV***

On January 2, 2026, Plaintiff filed the present action in state court. Like the allegations in *Baran II* and *Baran III*, the present claims can largely be categorized as challenging Defendant's litigation conduct and Judge Bumb's rulings in *Baran I*, as well as allegations that Defendant is continuing to defame her (Compl. ECF No. 1-1.)[4] As relief, Plaintiff requests this court: (1) restore her jury verdict for defamation; (2) restore her ability to seek punitive damages; (3) enter judgment against Defendant for continued defamation, and (4) issue a public correction of Judge Bumb's opinion. (*Id.*)

On February 17, 2026, Defendant removed the case to this Court (ECF No. 1.) On March 10, 2026, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing res judicata, litigation privilege, and pleading deficiencies, which Plaintiff opposed (ECF Nos. 8, 10, 14.)[5] That same day, Plaintiff filed a motion for remand, which Defendant opposed (ECF Nos. 9, 13, 15.)

---

[4] The Court expands on these allegations, *infra*, at 12-13, in its discussion of res judicata.

[5] The Court did not consider the arguments made in Plaintiff's unauthorized sur-reply (ECF 18). *See* LCiv.R. 7.1(d)(6) ("No sur-replies are permitted without permission of the Judge to whom the case is assigned.").

## III. LEGAL STANDARDS

### A. Motion to Remand

Pursuant to 28 U.S.C. § 1441(a), "defendants may generally remove civil actions from state court to federal district court so long as the district court would have had subject-matter jurisdiction had the case been originally filed before it." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

### B. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court may also take judicial notice of matters of public record, such as judicial opinions of another court. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**DISCUSSION**

**A. Motion to Remand**

**1. Diversity Jurisdiction**

A court may exercise diversity jurisdiction only if the amount in controversy exceeds $75,000 and complete diversity of citizenship exists among the adverse parties. *See* 28 U.S.C. § 1332(a). A party's citizenship is determined by her domicile, and the domicile of an individual is her "true, fixed and permanent home and place of habitation." *Washington v. Hovesa LLC*, 652 F.3d 340, 3d Cir. 2011) (quoting *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)) "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)). The citizenship of a limited liability company and other unincorporated entities is determined by the citizenship of each of its members. *Zambelli Fireworks Mfg. Co., v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

Removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds by the preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operation Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

Defendant argues that complete diversity exists because Plaintiff is a citizen of New Jersey and Defendant is a citizen of Alaska, and it has put forth a good faith basis that Plaintiff seeks more than $75,000. (ECF No. 13 at 5-7.) Plaintiff responds that Defendant is a citizen of New Jersey, citing its principal place of business and state registration, and argues that Defendant is

improperly conflating the citizenship of its parent company with the entity she sued. (ECF No. 15 at 5-6.) She also argues that the "amount in controversy has not been established." (*Id.* at 8.)

In its disclosure statement, MSE represents that it is a limited liability company whose sole member is ASRC Federal Holding Company, LLC ("ASRC Federal"). (ECF No. 2 and 8.) ASRC Federal is a limited liability company whose sole member is Arctic Slope Regional Corporation, which is a citizen of Alaska (*Id.*) Because an LLC takes the citizenship of its members, the Court agrees that MSE is a citizen of Alaska. There being no dispute that Plaintiff is a citizen of New Jersey (*see* ECF No. 1-1 at 2, No. 9 at 2), diversity of citizenship is met here.

The Court has no difficulty finding that Defendant has plausibly alleged that Plaintiff's suit exceeds the jurisdictional threshold. In addition to the reasons proffered by Defendant in its notice of removal (ECF No. 1-1 ¶ 20), the Court observes that Plaintiff seeks restoration of her $3.5 million verdict in *Baran I*. Therefore, diversity jurisdiction is satisfied.

**2. Federal Officer Jurisdiction**

Federal officer jurisdiction permits a defendant to remove a civil action to federal court if the action is against "any officer (or any person acting under that officer) of the United States . . . for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To remove a case under the federal officer removal statute, a defendant must establish: (1) it is "'person' within the meaning of the statute"; (2) "plaintiff's claims must be based upon the defendant 'acting under' the United States, its agencies, or its officers"; (3) it has "a colorable federal defense to the plaintiff's claims; (4) "plaintiff's claims against the defendant must be 'for or relating to' an act under color of federal office" (causal nexus requirement). *Mohr* v. *Trs. of the Univ. of Pa.*, 93 F.4th 100, 104 (3d Cir. 2024) (quoting *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 404 (3d Cir. 2021)).

Like Judges Bumb and Kugler, the Court finds all four conditions satisfied. Defendant is a person within the meaning of section 1442(a)(1), because it is an LLC. *See Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 812 (3d Cir. 2016) (citing the definition of "person" in Title I of the United States Code). Second, Defendant "acted under" the Secretary of Defense when it filed the report of Plaintiff's termination according to the NISPOM, which was issued by the Secretary pursuant to an Executive Order. *See Stephenson v. Nassif*, 160 F. Supp. 3d 884, 888 (E.D. Va. 2015) (finding federal officer jurisdiction in analogous suit against federal contractor who reported plaintiff in JPAS system). Third, Defendant has a colorable defense based on privilege related to a government-imposed duty to report circumstances implicating the revocation of a security clearance. (*See* Notice of Removal, ECF No. 1 ¶ 14); *see also Stephenson*, 160 F. Supp. at 890-91. The Court is also satisfied that Plaintiff's claims are sufficiently connected to Defendant's conduct performed under color of federal office. The gravamen of Plaintiff's suit relates to the JPAS Report and her belief that she was, and continues to be, defamed by the Report. Therefore, removal based on federal officer jurisdiction was likewise proper.

### B. Motion to Dismiss

Defendant argues that res judicata applies to the claims before this Court. Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same cause of action as the first suit. *Dunhaney v. Atty. Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010); *see also CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (Res judicata bars not only claims that were brought in the previous action, but also claims that could have been brought). This doctrine seeks to prevent inconsistent decisions by multiple courts and permit parties to rely on the finality of an adjudication. *See Marmon Coal Co. v. Eckman*, 726 F.3d 387, 394 (3d Cir. 2013).

A party seeking to invoke res judicata must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Dunhaney*, 621 F.3d at 347 (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). Res judicata may be considered on a motion to dismiss if its applicability can be determined from the face of the complaint. *Hoffman v. Nordic Nat., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016).

Here, the first two elements are not in dispute. Defendant received a final judgment on the merits against Plaintiff in each of the previous actions. *See Lewis v. Smith*, 361 F. App'x 421, 424 (3d Cir. 2010) (noting that a dismissal "under Rule 12(b)(6) is a final judgment on the merits for res judicata purposes").

As to the third element, the Third Circuit has explained that courts should take a "broad view of what constitutes the same cause of action" and that "res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to various legal claims" rather than the specific legal theories asserted. *Blunt v. Lower Merion Sch. Dist.*,767 3d 247, 277 (3d Cir. 2014) (citing *Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 173 (3d Cir. 2009)); *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010). In analyzing essential similarity, courts consider (1) "whether the acts complained of and the demand for relief are the same"; (2) "whether the theory of recovery is the same"; (3) "whether the witnesses and documents necessary at trial are the same"; and (4) "whether the material facts alleged are the same. *Id.* Thus, the court will compare the prior actions with the present action.

In the present suit, Plaintiff asserts claims for (1) civil theft, (2) "retaliation actions," and (3) defamation and slander (ECF No. 1-1). As supporting facts, Plaintiff alleges that Defendant improperly pressured Chief Judge Bumb in *Baran I* to "overrule the law," the jury verdict, and the

state-court decision (*id.* at 3) and claims Defendant and Chief Judge Bumb "silenced her" by sustaining evidentiary objections (*id.* at 26-27). Plaintiff challenges Defendant's assertion of a statute-of-limitations defense and its invocation of absolute privilege, including Defendant's reliance on an older case, and argues for the applicability of the discovery rule to her original defamation claim (*Id.* at 10-21.) Plaintiff also alleges continuing harm arising from the purportedly defamatory publication of the JPAS Report and Defendant's continued refusal to revise the Report. (*Id.* at 12.)

In *Baran II*, Plaintiff raised claims of: (1) negligence, retaliation actions, violation of court order; (2) intentional and negligent infliction of emotional distress; (3) tortious interference, evidence/witness tampering; (4) obstruction of justice/theft/abuse of power; (5) cleared facility violations (*Baran II*, Compl. ECF No. 1-2.) Plaintiff's supporting allegations included that Defendant refused to correct the JPAS Report; continued to prevent her from obtaining employment by refusing to do so; that "justice was obstructed and stolen" when Chief Judge Bumb overruled the state court on the limitations issue and hindered her ability to present her case; and that Defendant's arguments in *Baran I* were improper (*Id.* at 2).

Although Plaintiff labels some of her claims differently in each action, the present claims plainly arise from the same alleged wrongful conduct or assert additional claims that could have been raised in an earlier action. Specifically, Plaintiff's current claims concerning the allegedly defamatory statements and Defendant's refusal to correct the JPAS Report were previously litigated in *Baran I* and *Baran II*.[6] Likewise, Plaintiff's claims regarding Defendant's litigation conduct and Chief Judge Bumb's rulings in *Baran I* were litigated in *Baran II*. The Court need

[6] *In Baran III*, Plaintiff sought relief for "injunctive violations" centered on MSE's failure to correct the JPAS Report and Plaintiff's belief that MSE was being dishonest in its assertion that it could not correct the Report. (*Baran III*, ECF No. 1-2.) Therefore, the factual allegations in *Baran III* overlap with those in *Baran IV* as well.

look no further than Plaintiff's request for relief in the present action, which expressly seeks to overturn rulings in *Baran I*. Therefore, the third element of res judicata is satisfied and the Court will grant Defendant's motion to dismiss on res judicata grounds.[7]

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion for remand and will grant Defendant's motion to dismiss **with prejudice**. The Court will enter an order consistent with this opinion, which will warn Plaintiff that the Court will consider enjoining her from filing similar lawsuits premised upon MSE's termination of her employment in 2013 or the related litigation.

September 30, 2026

KAREN M. WILLIAMS
United States District Judge

[7] Because res judicata resolves the matter in its entirety, the Court need not reach Defendant's remaining arguments for dismissal.